**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBBIE SINYAN,

  Plaintiff - Appellant,

v.

SWEDISH HOSPITAL MEDICAL
CENTER; CHRISTIE WILLIAMS,

  Defendants - Appellees.

No. 10-36134

D.C. No. 2:10-cv-01432-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

  Debbie Sinyan appeals pro se from the district court's dismissal of her

employment action without prejudice. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Sinyan's Americans with Disabilities Act ("ADA") claim arising from her termination because Sinyan failed to allege facts sufficient to show that she was terminated because of her alleged disabilities. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (to state a prima facie case under the ADA, the plaintiff must show that she was terminated because of her disability).

The district court properly dismissed Sinyan's ADA claim arising from her request to transfer to a "desk position" because Sinyan failed to allege facts sufficient to show that there was a vacant position and that she was qualified for such a position. *See Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1157-58 (9th Cir. 2000) (while transfer to another position may be a reasonable accommodation, plaintiff failed to show that her requested transfer would have enabled her to perform the essential functions of the job); *Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999) (an employer does not have a duty to create a new position to accommodate a disabled employee).

The district court properly dismissed Sinyan's Fourteenth Amendment due

process claim because she failed to allege facts sufficient to show state action. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'").

Dismissal of Sinyan's hybrid fair representation and collective bargaining agreement claim was proper because this claim is time-barred, as Sinyan filed her complaint over six months after her union allegedly breached its duty of fair representation by granting her employer an extension of a grievance procedure deadline. *See Harris v. Alumax Mill Prods., Inc.*, 897 F.2d 400, 403-04 (9th Cir. 1990) (six-month statute of limitations applies to "hybrid" claims "where the employee alleges that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation[,]" and begins to run when an employee knows or should have known of the union's alleged wrongdoing).

Sinyan's remaining contentions, including those concerning the district court's dismissal of her action after issuance of summonses, are unpersuasive. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (the court shall dismiss an in forma pauperis action "at any time" if it determines that the action fails to state a claim on which relief may be granted).

Sinyan's objections to the appellees' answering brief and motion to strike all pleadings submitted by the appellees, received on July 5, 2011, is construed as a reply brief, and the Clerk is directed to file it. To the extent that the filing also requests relief, such relief is denied.

**AFFIRMED.**